Beth G. Baldinger, Esq.
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTOINETTE DiIORIO,<br><br>       Plaintiff,<br><br>  vs.<br><br>CLARK TOWNSHIP;<br>MAYOR SAL BONACCORSO;<br>CHIEF OF POLICE PEDRO MATOS;<br>PATROLMAN JOSEPH TESTON;<br>PATROLMAN MAZHAR ELWARDANY;<br>PATROLMAN MICHAEL CIACCIO;<br>DETECTIVE BRIAN PEREIRA;<br>LIEUTENANT DANIEL PITTS;<br>JOHN DOE(S) 1-50; and<br>ABC ENTITIES 1-10.<br><br>       Defendants. | CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Antoinette DiIorio, resident of 1115 Mayfair Drive, Rahway, New Jersey, 07065, Union County, New Jersey, by way of complaint against defendants, hereby says:

**PARTIES**

1.    At all relevant times herein, plaintiff Antoinette DiIorio, was living at 1115 Mayfair Drive, Rahway, Union County, New Jersey.

2.    At all relevant times herein, defendant, Clark Township was and is a municipal governmental entity authorized and operating under the laws of Union County and the State of New Jersey with responsibility for making governmental policy and for

oversight of municipal agencies and departments, including Clark Township Police Department and its employees and agents.

3.      At all relevant times herein, Sal Bonaccorso (Mayor Bonaccorso) was and is the Mayor of Clark Township with the responsibility for making governmental policy and for oversight of municipal agencies and departments, including Clark Township and the Clark Township Police Department and its employees and agents.  Mayor Bonaccorso was acting under color of New Jersey law, as an agent, servant and/or employee of Clark Township and who is sued in his official and individual capacity.

4.      At all relevant times herein, Clark Township Police Department ("CPD") was and is organized and exists pursuant to the laws of the State of New Jersey and maintains its principal place of business at 315 Westfield Avenue, Clark, New Jersey.

5.      At all relevant times herein, CPD is a policy-making agency and instrumentality of Clark Township responsible for providing law enforcement services to and on behalf of Clark Township, including *inter alia* the hiring, training, supervision, retention and discipline of its employees, including civilian staff, police officers and law enforcement personnel.  Furthermore, CPD is responsible for ensuring that all civilian staff, police officers and law enforcement personnel employed by Clark Township and/or CPD obey the laws of the United States and the State of New Jersey, as well as the rules and regulations, orders, directives, policies and procedures of the CPD.

6.      At all relevant times herein, defendants, Pedro Matos, and/or John Doe (fictitious designation for an individual whose identity is currently unknown (hereinafter referred to as "Chief Matos" which includes the John Doe reference) was and is the Police Chief of the CPD.  Chief Matos was responsible for:

2

(a) the hiring, training, supervision, retention, discipline and conduct of CPD's employees, including civilian staff, police officers and law enforcement personnel;

(b) for the supervision and oversight of the CPD, including the formulation and enforcement of the CPD's rules, regulations, policies, procedures, orders, directives and standards including but not limited to those governing arrest procedures;

(c) Internal affairs investigations, discipline and overall conduct of CPD operations; and

(d) for ensuring that all civilian staff, police officers, police aides and other law enforcement personnel of the CPD obeyed the laws of the United States, the State of New Jersey, and the lawful regulations and policies of the CPD.

Chief Matos was acting under color of New Jersey law, as an agent, servant and/or employee of Clark Township and/or the CPD and pursuant to the policies, customs and practices of Clark Township and/or the CPD.  Defendant Chief Matos was the superior of all defendants identified herein who were employees, agents, and/or servants of Clark Township and/or CPD.  Chief Matos is being sued in this action in his official and individual capacity.

7.     At all relevant times herein, defendant, Patrolman Joseph Teston ("Teston"), (Badge #156), was an agent, servant and employee of Clark Township and/or the CPD, serving as a police officer who was acting under color of New Jersey law and who is sued in this action in his official and individual capacity.

8.     At all relevant times herein, defendant, Patrolman Mazhar Elwardany ("Elwardany"), (Badge #176) was an agent, servant and employee of Clark Township and/or the CPD, who was acting under color of New Jersey law and who is sued in this action in his official and individual capacity.

9.     At all relevant times herein, defendant, Patrolman Michael Ciaccio, ("Ciaccio"), (Badge #178), was an agent, servant and employee of Clark Township and/or

3

the CPD, who was acting under color of New Jersey law and who is sued in this action in his official and individual capacity.

10. At all relevant times herein, defendant, Detective Brian Pereira ("Pereira") (Badge #166) was a detective with the CPD and an agent, servant and employee of Clark Township and/or the CPD who was acting under color of New Jersey law and who is sued in this action in his official and individual capacity.

11. At all relevant times herein, defendant, Lieutenant Daniel Pitts ("Lieutenant Pitts") (Badge #319), was a lieutenant with the CPD with supervisory authority over defendants Teston, Elwardany, Ciaccio and Pereira, and an agent, servant and employee of Clark Township and/or the CPD who was acting under color of New Jersey law and who is sued in this action in his official and individual capacity.

12. At all relevant times herein, defendants, John Does 1 through 50 (fictitious designation for one or more individuals whose identities are currently unknown, male or female) ("John Does"), were duly appointed police officers, police aides, law enforcement personnel, civilian employees, internal affairs investigators, and/or agents, servants, and/or employees of defendants, Clark Township and/or CPD, and who were acting under color of New Jersey law and are named in this suit as persons acting in their individual and official capacity.

13. At all relevant times herein, defendants, ABC Entities 1 through 10 (fictitious designation for one or more departments, agencies or divisions of Clark Township whose identities are currently unknown) ("ABC Entities"), who were responsible for the CPD, and their agents, servants and/or employees acting under color of New Jersey law.

4

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A.   EXCESSIVE USE OF FORCE

14.   On July 31, 2015 at approximately 11:56 a.m., plaintiff, Antoinette DiIorio ("DiIorio"), was a passenger in the back-seat of a vehicle driven by her son, Fortunato Riga ("Riga") which was travelling along Madison Hill Road, Clark, New Jersey en-route to the plaintiff's home at 2115 Mayfair Drive, Rahway, New Jersey. DiIorio's 5-year old grandson was seated next to her in the backseat and properly secured in a car seat.

15.   After turning off Madison Hill Road and onto Stone Street, Riga's vehicle was stopped by defendant, Teston, who was on-duty with the CPD. Allegedly, Riga was stopped for having an unrestrained toddler in the rear seat, failing to stop at a stop sign, and having an inoperable center brake light. According to defendant Teston's police report, he drove through this residential area of Clark at 50 miles per hour in order to stop Riga.

16.   Upon information and belief, defendants, Elwardany, Ciaccio, Pereira, John Does (hereinafter referred to collectively, along with defendant Teston, as "Defendant Officers"), and Lieutenant Pitts, were also on-duty with the CPD on the aforesaid date and time and responded to the aforesaid traffic stop of Riga's vehicle.

17.   Upon stopping Riga's car, defendant Teston approached the vehicle and asked Riga for his license, registration and insurance information. Teston's demeanor was aggressive and confrontational.

18.   While inside the car, DiIorio asked Teston why he had pulled the vehicle over. Teston responded antagonistically as he said, "[n]one of your f_ _ king business. You're not the f_ _ king driver."

19.     Aggravated, Teston ordered Riga to "get out of the f_ _ king car." Riga then requested Teston to call for a sergeant or supervisor because he feared for his own safety.

20.     In response, Teston yanked open the car door, and forcibly pulled Riga out of the car. At this point defendants Elwardany and Ciaccio and/or John Does had arrived at the scene, grabbed Riga and took over his arrest.

21.     Out of concern for Teston's demeanor and conduct, plaintiff DiIorio exited the rear of the vehicle. As DiIorio stood by the vehicle, Teston violently grabbed DiIorio and slammed the left side of her head and face against the rear of the vehicle. Teston proceeded to pick DiIorio up in the air and forcefully threw her face down to the ground, causing her to violently strike the pavement and sustain multiple injuries. At this point DiIorio lost consciousness. DiIorio was only 5'3" and approximately 120 pounds.

22.     As DiIorio lay face-down injured and unconscious on the ground, Teston attempted to pick her up into a standing position. However, DiIorio was limp and unresponsive. Teston then rolled her over onto her back.

23.     Upon information and belief, defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does observed defendant Teston's conduct and failed to intervene or stop defendant Teston from using excessive, unnecessary and unjustified force against DiIorio.

24.     As a result of defendant Teston's aforesaid unreasonable and excessive use of force, DiIorio sustained multiple injuries, including but not limited to, multiple fractures to her face, fractures to her wrist, injuries to her chest, loss of teeth, and further sustained emotional and psychological trauma and injuries. DiIorio's injuries include, but are not limited to the following:

- Fractures of distal radius and ulna in the right wrist.
- Fractures of the anterior 3rd, 4th and 5th ribs (right) and 3rd and 4th ribs (left).
- Right orbital floor fracture.
- Fracture of the anterior maxillary alveolar ridge.
- Fracture of the right maxillary sinus.
- Fractures of the right pterygoid process and pterygoid plates and left lateral pterygoid plate.
- Fractures of the nasal bones and septum.
- Lost teeth (5).

25.     Due to DiIorio's condition, the Clark Volunteer Emergency Squad and the Advanced Life Support Team were called to the scene.  They intubated DiIorio and took her to University Hospital in Newark, New Jersey.  University Hospital reports DiIorio's admitting diagnosis was "assault."  DiIorio sustained permanent physical, emotional and psychological injuries as a direct and proximate result of the aforesaid actions and omissions of the Defendant Officers.

**B.     CONSPIRACY TO COVER-UP OFFICER'S WRONGFUL CONDUCT**

26.     Chief Matos, Lieutenant Pitts, Defendant Officers and John Does have conspired to cover-up the wrongful conduct of the Defendant Officers including making false and misleading statements regarding the events of July 31, 2015, including but not limited to: falsifying police reports by stating that DiIorio lunged out of the back seat of Riga's vehicle and jumped on defendant Teston's back and otherwise physically accosted defendant Teston; that DiIorio appeared to be under the influence of narcotics; and that DiIorio fell to the ground as a result of defendant Teston's "leg sweep".

27.     Defendants Teston, Defendant Officers and/or John Does furthered the cover-up by making false and misleading statements to Ryan Wakstein, an EMT with the Clark Volunteer Emergency Squad.

28. Ryan Wakstein ("EMT Wakstein"), testified that upon his arrival he found DiIorio in the middle of Stone Street disoriented and unable to communicate. None of the Defendant Officers, nor Lieutenant Pitts, were assisting DiIorio.

29. Due to DiIorio's condition, EMT Wakstein received DiIorio's history from defendant Teston, Defendant Officers and/or John Does at the scene. Defendant Officers and/or John Does told him that DiIorio had lunged out of the back seat of Riga's vehicle and jumped on Teston's back. Defendant Teston also told EMT Wakstein that DiIorio had jumped on his back and attempted to scratch and punch him. Upon information and belief, Teston had no sign of injuries and did not seek any medical attention.

30. Mayor Bonaccorso similarly conspired with Chief Matos, Lieutenant Pitts, Defendant Officers, and John Does to cover up the Defendant Officers' aforesaid wrongful conduct by making false and misleading statements to the media, including but not limited to that made by Mayor Bonaccorso August 1, 2015, to wit: "These people are looking for a payday." Mayor Bonaccorso made this outrageous statement knowing that there would be an investigation into the incident, including by CPD internal affairs and/or the Union County Prosecutor's Office. Mayor Bonaccorso's false, salacious and prejudicial remarks regarding DiIorio were intended to taint investigations and cast DiIorio in a false light.

C. **FALSE ARREST AND MALICIOUS PROSECUTION**

31. Defendant Teston filed a criminal complaint against DiIorio for violation of N.J.S.A. 2C:29-2A(3)(A) (purposely preventing or attempting to prevent a law enforcement officer from affecting an arrest by use of physical force or violence) and N.J.S.A. 2C:29-1A (purposely preventing or attempting to prevent a public servant from lawfully performing an

official function by use of physical interference).  This criminal complaint and charges were filed without probable cause.

32.     Subsequently, DiIorio was indicted by the Union County Prosecutor's Office. However, the indictment was dismissed and downgraded charges were remanded to municipal court.

33.     On March 23, 2016, the aforementioned charges were dismissed in exchange for DiIorio pleading guilty to N.J.S.A. 2C:33-2a(2) – a petty disorderly persons offense.

## JURISDICTION

34.     This Court has jurisdiction pursuant to Title 28 of the United States Code, Section 1331, and Title 42 of the United States Code, Sections 1983 and 1985.

35.     Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391(b) in that all of the acts complained of herein occurred in the district and that the defendants are citizens of, reside in, or are public entities of the State of New Jersey and domiciled within this district.

36.     The matter in controversy herein involves an amount in excess of $75,000 (Seventy-Five Thousand Dollars) exclusive of interest.

37.     On or about October 6, 2015, plaintiff duly served a Notice of Claim upon Clark Township and CPD pursuant to N.J.S.A. § 59.1-1 et seq., and to date the state law claim remains unresolved.  This Court has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

## FIRST COUNT

### LIABILITY FOR EXCESSIVE USE OF FORCE
### IN VIOLATION OF 42 U.S.C. § 1983

38.     Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein at length.

39.     Defendant Teston used unjustified, unnecessary and excessive force in detaining DiIorio.  After DiIorio exited the vehicle, defendant Teston violently grabbed DiIorio and slammed her face against the vehicle.  Thereafter, Teston forcefully threw DiIorio to the ground causing her to sustain multiple fractures to her face, wrist and chest, among other injuries.  The nature and extent of the force used by defendant Teston was objectively unreasonable and done with deliberate indifference to DiIorio's rights, health, safety and welfare.

40.     Defendant Teston was acting under color of New Jersey law when he engaged in this illicit conduct which deprived DiIorio her civil and constitutional rights to be free of unlawful and unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and/or by the New Jersey Constitution and as such the aforementioned acts constitute an actionable violation of 42 U.S.C. § 1983.

41.     Defendant Teston acted maliciously in that he consciously violated DiIorio's civil and constitutional rights, and consciously intended to injure DiIorio in the manner done knowing it was unlawful to do so, and/or he acted in a wanton manner by recklessly and/or callously disregarding DiIorio's rights.

42.     As a direct and proximate result of the aforementioned violations of 42 U.S.C. § 1983, DiIorio has suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and

mental anguish, has and will continue to suffer the loss of enjoyment of life, has been deprived of her civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Antoinette DiIorio demands judgment against defendant Joseph Teston and John Does 1-50, jointly and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## SECOND COUNT

### SUPERVISORY AND BYSTANDER LIABILITY
### FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

43.     Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth at length herein.

44.     Upon information and belief, defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does were present at, and observed, Teston's use of excessive, unnecessary and unjustified force against DiIorio.  Defendants knew defendant Teston's acts and omissions were done with deliberate indifference and/or in an objectively unreasonable manner in violation of DiIorio's constitutional and civil rights as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution and/or New Jersey Constitution.

45.     Defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does, as supervisors and/or bystanders, had a duty to intervene and stop the unconstitutional conduct of defendant Teston.  Defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does breached that duty by failing to intervene which resulted in a violation of DiIorio's constitutional and civil rights and serious physical injuries.  Accordingly, defendants

11

Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does are subject to bystander liability under Title 42 U.S.C. § 1983.

46.     Defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does acted maliciously in consciously violating DiIorio's federal rights knowing it was unlawful to do so, and further acted in a wanton manner by recklessly and/or callously disregarding DiIorio's rights, health, safety and welfare.

47.     Defendants Elwardany, Ciaccio, Pereira, Lieutenant Pitts and John Does were acting under color of New Jersey law and are jointly and severally liable for all injuries, damages and violation of rights caused by the aforementioned acts and omissions.

48.     As a direct and proximate result of the aforementioned violations of 42 U.S.C. § 1983, DiIorio has suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, has been deprived of her civil and constitutional rights, and has sustained other damages.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Mazhar Elwardany, Michael Ciaccio, Daniel Pitts, Brian Pereira and John Does 1-50, jointly and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## THIRD COUNT

## GOVERNMENTAL LIABILITY FOR VIOLATIONS OF 42 U.S.C. § 1983

49.     Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein.

50.     At all times herein, defendants Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, John Does, Clark Township and/or ABC Entities were under a duty to properly screen, hire, train, supervise Defendant Officers and/or John Doe, in the proper use of force and other means of conducting police business and activities to ensure that citizens, including DiIorio, who come in contact with members of the CPD force do not have their civil and constitutional rights violated.  These defendants, as the highest policy makers, decision makers and supervisors were also under a duty to ensure that the investigation and discipline of its officers through internal affairs were properly conducted to protect citizens from abuse of power and authority.

51.     At all times herein, defendants Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, John Does, acting on behalf of Clark Township and/or ABC Entities, condoned, tolerated and tacitly approved a pattern, practice and custom of officers in CPD violating the civil and constitutional rights of citizens, including but not limited to the improper use of force, as well as false arrest and malicious prosecution.  As such, these defendants had actual notice and acted with deliberate indifference in failing to properly train, supervise and discipline the officers, including the Defendant Officers, Lieutenant Pitts, and/or John Does and otherwise failed to act to prevent foreseeable civil and constitutional right violations of persons who come in contact with their officers and law enforcement personnel.

52.     All of the aforementioned acts and omission of the Defendant Officers and/or John Does, including but not limited to the aforementioned violations of 42 U.S.C. § 1983, were directly and proximately caused by official governmental policies, regulations, and/or customs, or practices formulated and/or tolerated by defendants Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, John Does, Clark Township and/or ABC Entities.

53.    As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1983, Antoinette DiIorio suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, economic damages, as well as deprivation of her civil and constitutional rights.

WHEREFORE plaintiff, Antoinette DiIorio, demands judgment against defendants, Clark Township, Sal Bonaccorso, Pedro Matos, Daniel Pitts and John Does 1-50 and/or ABC Entities 1-10, jointly and severally, for compensatory damages with interest; punitive damages; attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

### FOURTH COUNT

### LIABILITY FOR CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE SCREENING, HIRING, TRAINING, HIRING, RETENTION AND SUPERVISION

54.    Plaintiff repeats and realleges each and every allegation heretofore pled as though fully set forth herein at length.

55.    Defendants, Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, Clark Township, John Does and/or ABC Entities had a duty to properly screen, hire, train, retain, supervise and discipline all their officers and staff, including but not limited to Defendant Officers and John Does.  These defendants breached this duty in that the training provided to the CPD officers was inadequate and they failed to adequately supervise their officers with deliberate indifference to the fact that their failure to properly train, supervise and discipline would obviously result in the violation of the civil and constitutional rights of those coming in contact with them, including DiIorio, to not be subject to excessive,

unnecessary and unjustified use of force, false arrest and/or malicious prosecution and other wrongs.

56.     Defendants, Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, actions, omissions and failures to adequately screen, hire, train, retain, supervise and discipline Defendant Officers, John Does was done with deliberate indifference and reckless disregard to the fact that such failures would result in the violation of the civil and constitutionally protected rights of those who come in contact with their officers and law enforcement personnel, including plaintiff, DiIorio.

57.     As a direct and proximate result of the deliberate indifference to the need for proper training, supervision and discipline by Defendants, Mayor Bonaccorso, Chief Matos, Lieutenant Pitts and/or John does, plaintiff DiIorio was deprived of her rights as guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution and/or New Jersey Constitution and was caused to suffer and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, and has and will continue to suffer the loss of enjoyment of life, economic damages.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Sal Bonaccorso, Pedro Matos, Daniel Pitts, Clark Township, John Does 1-50 and ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## FIFTH COUNT

**LIABILITY FOR CONSTITUTIONAL DEPRIVATIONS CAUSED BY
DEFENDANTS' ACTIONS IN COVERING UP THE WRONGFUL CONDUCT OF
THE DEFENDANT OFFICERS IN VIOLATION OF 42 U.S.C. § 1985**

58.     Plaintiff repeats and realleges each and every allegation heretofore plead as though fully set forth herein at length.

59.     Defendants, Chief Matos, Lieutenant Pitts, Defendant Officers and/or John Does conspired to cover up the Defendant Officers' wrongful conduct and obstruct plaintiff, DiIorio from lawfully enforcing her constitutional rights and privileges by, *inter alia*, falsifying police reports and making false statements that DiIorio lunged out of the back seat of Riga's vehicle and jumped on defendant Teston's back, that DiIorio appeared to be under the influence of narcotics, and that DiIorio fell to the ground as a result of defendant Teston's "leg sweep" in violation of 42 U.S.C. § 1985.

60.     Defendant Mayor Bonaccorso similarly conspired with Chief Matos, Lieutenant Pitts, the Defendant Officers and/or John Does to cover up the Defendant Officers' wrongful conduct and obstruct DiIorio from lawfully enforcing her constitutional rights and privileges by making false and misleading statements to media outlets on August 1, 2015, to wit: "These people are looking for a payday", in violation of 42 U.S.C. § 1985.

61.     At all relevant times defendants Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, Defendant Officers and/or John Does were acting under color of New Jersey law and are jointly and severally liable for all injuries, damages and violation of rights caused by the aforementioned acts and omissions.

62.     As a direct and proximate result of the aforementioned violations of 42 U.S.C. §1985, Antoinette DiIorio suffered a deprivation of her civil and constitutional rights and privileges.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Sal Bonaccorso, Pedro Matos, Daniel Pitts, Joseph Teston, Mazhar Elwardany, Michael Ciaccio, Clark Township, John Does 1-50 and ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## SIXTH COUNT

### LIABILITY FOR
### MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C § 1983

63.     Plaintiff repeats and realleges each and every allegation heretofore plead as though fully set forth herein at length.

64.     Defendant Teston maliciously prosecuted DiIorio by filing a criminal complaint against DiIorio for violations of N.J.S.A. 2C:29-2A(3)A and N.J.S.A. 2C:29-1A without probable cause.

65.     DiIorio was subsequently indicted by the Union County Prosecutor's Office. However, the criminal charges in the indictment were dismissed and downgraded charges were remanded to municipal court.

66.     The charges against DiIorio were dropped in exchange for DiIorio pleading guilty to N.J.S.A. 2C:33-2a(2), a petty disorderly offense.

67.     Defendant Teston acted maliciously for a purpose other than brining DiIorio to justice.

68.     As a direct result of the aforementioned violations of 42 U.S.C. § 1983, DiIorio suffered and will continue to suffer severe emotional distress and mental anguish, and has and will continue to suffer the loss of enjoyment of life, economic damages, as well as deprivation of her civil and constitutional rights.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendant Joseph Teston for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## SEVENTH COUNT

### STATE LAW CLAIM OF
### LIABILITY FOR ASSAULT AND BATTERY

69.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 as though fully set forth herein at length.

70.     Defendant Teston intentionally caused harmful and offensive contact with the plaintiff, Antoinette DiIorio when he grabbed DiIorio, slammed her face against the vehicle and forcefully threw DiIorio to the ground without cause or justification.

71.     As a direct and proximate result of the aforementioned assault and battery, DiIorio has suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, and has sustained other damages.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendant Joseph Teston and/or John Does 1-50, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit, and for such other and further relief as allowable by law and as the Court deems just and appropriate.

18

## EIGHTH COUNT

### STATE LAW CLAIM OF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 72 as though fully set forth herein at length.

73.     Defendant Teston acted intentionally and recklessly when he grabbed DiIorio, slammed her face against the vehicle, and forcefully threw DiIorio to the ground.

74.     Defendant Teston's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

75.     By virtue of the aforementioned actions, Defendant Teston intended to cause Antoinette DiIorio severe emotional distress.

76.     As a direct and proximate result of the aforementioned wrongful conduct, DiIorio suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, economic damages, as well as deprivation of her rights.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendant Joseph Teston and/or John Does 1-50, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit, and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## NINTH COUNT

### STATE LAW CLAIM OF
### NEGLIGENCE

77.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 77 as though fully set forth herein at length.

78.     Defendant Teston owed a duty to exercise reasonable care for DiIorio and not unnecessarily cause her harm.

79.     Defendant Officers, Lieutenant Pitts and/or John Does owed a duty to use reasonable care to preserve DiIorio's life, health and safety.

80.     Defendant Teston, Defendant Officers, Lieutenant Pitts, and/or John Does breached their aforementioned duties of care by using force and/or permitting the use of force against DiIorio in disregard of DiIorio's life, health and safety.

81.     The aforementioned breaches of the duty of care were done negligently, recklessly, carelessly, and/or with gross, reckless and wanton indifference, and/or in a palpably unreasonable manner with disregard to DiIorio's life, health, safety and rights.

82.     As a direct and proximate result of the aforementioned negligence and wrongful conduct, DiIorio suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, economic damages, as well as deprivation of her rights.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants, Joseph Teston, Mazhar Elwardany, Michael Ciaccio, Daniel Pitts, Brian Pereira and John Does 1-50, jointly and severally, for compensatory damages with interest; attorneys' fees,

costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## TENTH COUNT

### STATE LAW CLAIM OF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 83 as though fully set forth herein at length.

84.     Defendant Teston, Defendant Officers, Lieutenant Pitts, and/or John Does owed a duty to use reasonable care to preserve DiIorio's life, health and safety and to avoid acts which present the foreseeable risk of harm, including emotional distress.

85.     Defendant Teston, Defendant Officers, Lieutenant Pitts and/or John Does breached their aforementioned duty of care by using unreasonable force against the plaintiff and by failing to intervene to prevent defendant Teston from doing so in disregard of DiIorio's life, health and safety.

86.     The aforementioned breach of the duty of care was done negligently.

87.     It was foreseeable that, as a result of defendant Teston's, Defendant Officers', Lieutenant Pitts' and/or John Does' negligent breach of this duty, the plaintiff would suffer severe emotional distress.

88.     As a direct and proximate result of the aforementioned negligence and wrongful conduct, Antoinette DiIorio suffered and will continue to suffer severe emotional distress and mental anguish.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants, Joseph Teston, Mazhar Elwardany, Michael Ciaccio, Brian Pereira, Daniel Pitts and John Does 1-50, jointly and severally, for compensatory damages with interest; attorneys' fees,

costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

### ELEVENTH COUNT

### STATE LAW CLAIM OF
### VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR

89.    Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 89 as though fully set forth herein at length.

90.    Defendant Teston's, the Defendant Officers', Lieutenant Pitts' and/or John Does' aforesaid actions and/or omissions with regard to DiIorio were done while they were acting within the course and scope of their employment, agency and/or apparent agency relationship with defendants Clark Township, CPD and/or ABC Entities.

91.    As such, the defendants, Clark Township and/or ABC Entities are vicariously liable for the state law torts under respondeat superior.

92.    As a direct and proximate result of the aforementioned negligence, DiIorio suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life and economic damages.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Clark Township and/or ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## TWELFTH COUNT

### STATE LAW CLAIM OF
### LIABILITY FOR FAILURE TO PROPERLY SCREEN, HIRE, TRAIN, SUPERVISE AND PROMULGATE POLICIES

93.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 93 as though fully set forth herein at length.

94.     The defendants, Clark Township, Mayor Bonaccorso, Chief Matos, Lieutenant Pitts, John Does and/or ABC Entities had a duty to properly screen, hire, train, supervise and discipline its officers, staff and employees.

95.     The defendants acted and/or failed to act properly and as such, negligently breached their aforesaid duty of care.

96.     As a direct and proximate result of the aforementioned negligence, DiIorio suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, and economic damages.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Clark Township, Sal Bonaccorso, Pedro Matos, Daniel Pitts, John Does 1-50 and/or ABC Entities 1-10, jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## THIRTEENTH COUNT

### STATE LAW CLAIM OF
### DEFAMATION

97.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 97 as though fully set forth herein at length.

23

98.     Defendant Teston made false and misleading statements regarding the events of July 31, 2015, to wit: stating in his police report that DiIorio lunged out of the back seat of Riga's vehicle and jumped on defendant Teston's back; that DiIorio appeared to be under the influence of narcotics; informing EMT Ryan Wakstein that DiIorio lunged onto Teston's back and tried to scratch and punch Teston; and telling Union County Dispatch that DiIorio was experiencing "psychiatric" problems.

99.     Defendant Ciaccio made false and misleading statements regarding the events of July 31, 2015 by stating in his police report that DiIorio had put her hands on defendant Teston and screamed profanities at defendant Teston.

100.    Defendant Officers and/or John Does made further false and misleading statements by informing EMT Ryan Wakstein that DiIorio lunged from the back seat of Riga's vehicle onto defendant Teston's back.

101.    Mayor Bonaccorso similarly made false and misleading statements about DiIorio to the public on August 1, 2015, telling media outlets that "These people are looking for a payday."

102.    Defendants Teston, Mayor Bonaccorso and Defendant Officers made the aforementioned statements knowing they were false, in reckless disregard of the statements' truth or falsity, or otherwise negligently by failing to ascertain the truth or falsity of the statements before communicating the statements to third parties.

103.    As a result of defendants Teston's, Mayor Bonaccorso's and Defendant Officers' false and misleading statements, DiIorio's reputation has been injured.

WHEREFORE, plaintiff Antoinette DiIorio, demands judgment against defendants Sal Bonaccorso, Joseph Teston, Mazhar Elwardany, Michael Ciaccio and/or John Does 1-

50 jointly and severally, for compensatory damages with interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## FOURTEENTH COUNT

### STATE LAW CLAIM OF
### FALSE ARREST AND IMPRISONMENT

104.     Plaintiff repeats and realleges all allegations heretofore pled in paragraphs 1 through 38 and 70 through 104 as though fully set forth herein at length.

105.     Plaintiff was falsely arrested and imprisoned by defendant Teston.

106.     Defendant Teston was acting within the course and scope of his employment and/or agency at the time of the aforementioned false arrest and imprisonment.

107.     The aforementioned false arrest and imprisonment was done with wanton, reckless, malicious acts, intentional and without probable cause.

108.     As a direct and proximate result of the aforementioned false arrest, DiIorio has suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, along with a violation of her civil rights, liberty and freedom, and has sustained other damages.

WHEREFORE, plaintiff Antoinette DiIorio demands judgment against defendant Joseph Teston for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## FIFTEENTH COUNT

### STATE LAW CLAIM OF
### MALICIOUS PROSECUTION

109.    Plaintiff repeats and realleges all allegations theretofore pled in paragraphs 1 through 38 and 70 through 109 as though fully set forth herein at length.

110.    Defendant Teston maliciously prosecuted DiIorio by filing a criminal complaint against DiIorio for violations of N.J.S.A. 2C:29-2A(3)A and N.J.S.A. 2C:29-1A without probable cause.

111.    DiIorio was indicted by the Union County Prosecutor's Office. However, the charges in the indictment were dismissed and downgraded charges were remanded to municipal court. The aforementioned charges were dismissed in exchange for DiIorio pleading guilty to a petty disorderly offense.

112.    As a direct and proximate result of the aforementioned malicious prosecution, DiIorio has suffered and will continue to suffer severe and permanent injuries, has been and will continue to endure extreme pain, suffering, emotional distress and mental anguish, has and will continue to suffer the loss of enjoyment of life, along with a violation of her civil rights, liberty and freedom, and has sustained other damages.

WHEREFORE, plaintiff Antoinette DiIorio demands judgment against defendant Joseph Teston for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit and for such other and further relief as allowable by law and as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION

I have been retained to represent plaintiff Antoinette DiIorio in connection with the within matter. I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding. There are no other parties whose identities of which I am presently aware who should be joined in this action. However, plaintiff reserves the right to add such parties once their identities are known.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff


By:_____/s/ Beth G. Baldinger_____
        BETH G. BALDINGER

Dated: February 1, 2017